UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVIESS COUNTY HOSPITAL D/B/A SUGAR ) <br> CREEK REHAB & CONVALESCENT CENTER ) <br> N/K/A APERION CARE GREENFIELD, et al., ) <br> ) <br> Defendants. ) | No. 1:24-cv-01914-MPB-MJD |

**ORDER**

This matter comes before the Court on Plaintiff's Unopposed Motion to Extend Case Management Deadlines. [Dkt. 61.] The Court conducted an in-person hearing on the motion on September 25, 2025. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

This case was filed on October 29, 2024. [Dkt. 1.] Discovery in this matter opened no later than February 18, 2025. [Dkts. 23 & 27.] On February 25, 2025, the Court conducted an initial pretrial conference and entered a Case Management Plan that provided in relevant part that "non-expert witness discovery and discovery relating to liability issues shall be completed by **September 12, 2025** . . . ." [Dkt. 30; Dkt. 31 ¶ IV(C) (emphasis in original).] Plaintiff was represented by counsel Bradley Needham during the initial pretrial conference.

The Court conducted a telephonic status conference on April 7, 2025, during which Plaintiff was represented by counsel Robert Daniell. [Dkt. 44.] During the conference, counsel reported that Defendants' responses to Plaintiff's interrogatories, request for production, and request for admissions were due on April 30, 2025. Mr. Daniell further reported that, after the receipt of Defendants' responses, **Plaintiff planned to depose the facility Administrator and the Director of Nursing**, as well as conduct a Rule 30(b)(6) deposition of the Defendants.

The Court conducted a telephonic status conference on May 12, 2025, during which Plaintiff was represented by counsel Robert Daniell. [Dkt. 48.] During the conference, counsel reported that Defendants had responded to Plaintiff's interrogatories, request for production, and request for admissions, and that Defendants would be supplementing those responses with additional medical records by May 16, 2025. Mr. Daniell also reported that **Plaintiff planned to depose the facility Administrator and the Director of Nursing** prior to the July 21, 2025, settlement conference scheduled in this matter.

The Court conducted a telephonic settlement conference on July 21, 2025, during which Plaintiff was represented by counsel Kamal Packer. [Dkt. 57.] Settlement was not achieved. During the conference, Mr. Packer reported that the only remaining liability discovery planned by Plaintiff prior to the September 12, 2025, deadline was the **depositions of the facility Administrator and the Director of Nursing**.

The instant motion, which was filed six days **after** the September 12, 2025, liability discovery deadline, seeks a 61-day enlargement of that deadline, to November 12, 2025. [Dkt. 61 at 2.] When asked during the hearing what liability discovery remained to be completed, Plaintiff's counsel Nicola Gray represented that the only liability discovery remaining for Plaintiff is the **depositions of the facility Administrator and the Director of Nursing**.

As noted by Judge Evans in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996):

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*See also United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994) ("Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous."); *Northwestern National Insurance Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.").

In *Finwall v. City of Chicago*, 239 F.R.D. 494 (N.D. Ill. 2006), Magistrate Judge Cole excluded Plaintiff's experts for Plaintiff's failure to identify those experts and provide the required reports on or before the expert disclosure deadline. In so doing, the court noted as follows:

> Under the Federal Rules of Civil Procedure, it is the court's prerogative—indeed, its duty—to manage its caseload and enforce deadlines. *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996). It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will. Nor is it the prerogative of the violator to require his victim to accept his largesse in the form of allowing discovery to proceed after the deadline set for the close of discovery by the court.

*Id.* at 500-01. The district judge overruled Plaintiff's objections to Magistrate Judge Cole's order, holding that Magistrate Judge Cole's order was not clearly erroneous or contrary to law,[1]

---

[1] The Seventh Circuit has articulated that a decision is clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated, dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

which is the applicable standard for overruling the decision of a magistrate judge on a non-dispositive order. *Finwall v. City of Chicago,* 239 F.R.D. 504, 506 (N.D. Ill. 2006); Fed. R. Civ. P. 72(a).

This Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.[2] The Court must establish deadlines and counsel must meet those deadlines for the Court to have any ability to function. The instant situation is the result of counsel's failure to adequately plan their discovery schedule so as to enable them to complete the work needed in the time allowed, as nothing has been shown to suggest that the 206 day window between the commencement of discovery and the liability discovery deadline was insufficient to allow Plaintiff to conduct the discovery they needed. In fact, the representations of Plaintiff's multiple counsel, all of whom remain counsel of record in this case, demonstrates that Plaintiff knew he wanted to **depose the facility Administrator and the Director of Nursing** as early as April 2025.

During the hearing, counsel for Plaintiff acknowledged that Fed. R. Civ. P. 6(b)(1)(B) applies to the enlargement of the liability discovery deadline, because the motion seeking that enlargement was filed after the deadline had expired. While Plaintiff's failure to depose two witnesses they have known about and wanted to depose for months prior to the discovery deadline certainly suggests neglect, no excuse for that neglect has been provided. Instead, during the hearing, Plaintiff's counsel asked for the Court's "grace." Unfortunately, that is not the standard. Whether the Court applied "good cause" or "excusable neglect" as the standard, the

---

[2] In the 12-month period ending March 31, 2025, the pending cases per judgeship in the Southern District of Indiana stood at 2147, first in the Seventh Circuit and third in the nation. *See* https://www.uscourts.gov/data-news/data-tables/2025/03/31/federal-court-management-statistics/n-a-1.

result would be the same. Plaintiff has provided no reason for their failure to conduct the needed depositions; consequently, Plaintiff fails to satisfy any standard to justify the enlargement requested. Accordingly, Plaintiff's motion to enlarge the deadline for the completion of liability discovery is **DENIED**.

The Court takes notice of the motion to dismiss Plaintiff's Third Amended Complaint, which motion remains pending. [Dkt. 55.] Plaintiff's motion seeks an enlargement of the dispositive motions deadline until ninety days after the Court's ruling on that motion to dismiss. [Dkt. 61 at 2.] Because the dispositive motions deadline has not yet passed, the Court finds that good cause has been shown to enlarge that deadline. Accordingly, Plaintiff's Unopposed Motion to Extend Case Management Deadlines [Dkt. 61] is **GRANTED IN PART** and **DENIED IN PART**, and the Court hereby amends Section IV of the approved Case Management Plan [Dkt. 31 at 4-5] as follows:

> **IV. Discovery and Dispositive Motions**
>
> B. On or before **November 10, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.
>
> C. Non-expert witness discovery and discovery relating to liability issues shall be completed by **September 12, 2025**; all remaining discovery shall be completed by no later than **February 13, 2026**.
>
> D. Defendants/Third-Party Defendants shall file any dispositive motion on or before **November 21, 2025**; Plaintiff/Third-Party Plaintiff shall respond to Defendants/Third-Party Defendants' dispositive motion, and shall include any cross-dispositive motion, on or before **December 19, 2025**; Defendants/Third-Party Defendants shall respond to Plaintiff/Third-Party Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendants/Third-Party Defendants' dispositive motion, on or before **January 16, 2026**;

Plaintiff/Third-Party Plaintiff shall file any reply in support of its cross-dispositive motion on or before **January 30, 2026**.

All other requirements of the approved Case Management Plan, [Dkt. 31], remain in effect.

SO ORDERED.

Dated: 1 OCT 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.